IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

VS.                                                                                                                                                                                 NO.: 3:21-CR-107-NBB-RP

JAMARR SMITH, et al.

## **MOTION IN LIMINE AS TO INTERPRETATION OF VIDEOS**

COMES NOW, Jamarr Smith, and files this Motion in Limine as to Interpretation of Videos, and would state unto the court as follows:

I.

It is anticipated that the government will display a video of the incident at issue in this case to the jury. It is further anticipated that the government will elicit from government witnesses (investigating agents) testimony concerning: "what is going on here?" or "what do you see the suspect doing?"

II.

First, the video speaks for itself, and this testimony is cumulative and unhelpful to the jury. *See* Fed. R. Evid. 403. The jury should be allowed to reach its own conclusions about the matters depicted in the video.

III.

Second, non-expert witnesses should not be allowed to interpret videos for the jury. Another court in this circuit has held that not even an *expert* witness can interpret video in the absence of specialize training in that particular field:

> A number of courts have addressed expert testimony on video recordings and have concluded that the expert should not be permitted to interpret the video's contents where the expert is no better suited than a lay person to do so. *See, e.g., Lee v. Andersen*,

> 616 F.3d 803, 809 (8th Cir. 2010) (affirming exclusion of expert opinion that decedent was not holding firearm because "the jury was entirely capable of analyzing the images and determining whether Fong Lee had anything in his hands"); *Dunlap v. Hood*, No. 3-07-CV-2147-BD, 2009 WL 362292, at *1 (N.D. Tex. Feb. 13, 2009) (prohibiting forensic analyst from testifying as to the contents of video on use-of-force incident because he was "no better suited than the jury to interpret the contents of the video"). Because Tanwar does not have any specialized training or experience to interpret the video evidence that will be presented to the jury, his proposed testimony on the contents of the video recordings from Officer Casanova's body camera will not assist the jury; rather, the testimony is likely to confuse or invade the province of the jury. Jurors can interpret the video and audio evidence for themselves. The Court will therefore grant Plaintiffs' motion and limit Tanwar's testimony to the process he used to enhance the audio and video evidence in this case.

*Slack v. City of San Antonio, Texas*, 2021 WL 1390428, at *4 (W.D. Tex. Apr. 13, 2021). Thus, a lay witness should clearly not be allowed to interpret videos.

WHEREFORE, PREMISES CONSIDERED, the defendant Jamarr Smith respectfully requests that the Court prohibit any testimony interpreting the video in this case.

        RESPECTFULLY SUBMITTED,

        JAMARR SMITH

        HICKMAN, GOZA & SPRAGINS, PLLC
        Attorneys at Law
        Post Office Drawer 668
        Oxford, MS 38655-0668
        (662) 234-4000 telephone
        (662) 234-2000 facsimile
        glewis@hickmanlaw.com

        BY: */s/ Goodloe T. Lewis*
             GOODLOE T. LEWIS, MSB # 9889

## **CERTIFICATE OF SERVICE**

I, GOODLOE T. LEWIS, attorney for JAMARR SMITH, do hereby certify that I have on this date electronically filed the foregoing document with the Clerk of Court using the ECF system which sent notification of such filing to all counsel of record, including:

Robert Mims
Office of the US Attorney
900 Jefferson Avenue
Oxford, MS  38655
rmims@usadoj.gov

DATED: February 14, 2023.

*/s/ Goodloe T. Lewis*
GOODLOE T. LEWIS

GOODLOE T. LEWIS, MSB # 9889
HICKMAN, GOZA & SPRAGINS, PLLC
Attorneys at Law
Post Office Drawer 668
Oxford, MS 38655-0668