UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.  CRIMINAL NO. 3:21-CR-107

JAMARR SMITH, et al.

### GOVERNMENT'S RESPONSE TO DEFENDANTS' MOTION
### IN LIMINE AS TO EXPERT TESTIMONY BY NON-DESIGNATED EXPERTS

Comes now the United States of America, by and through the United States Attorney for the Northern District of Mississippi, and in response to defendants' Motion in Limine (Doc. #106) would respectfully show unto the Court the following, to wit:

The defendants seek to preclude the government from soliciting expert testimony from cases agents that is based upon the witness' "training and experience" or knowledge of what persons engaged in unlawful activity tend to do or not do. The defendants cite to correct rule, F.R.E. 701, which pertains to opinion testimony by lay witnesses. Pursuant to Rule 701, a witness not testifying as an expert may offer testimony in the form of an opinion if the opinion is: (a) rationally based on the witness' perception; (b) helpful to clearly understanding the witness' testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

It would be helpful if we knew exactly what anticipated testimony the defendants are objecting to. The government does expect its case agent to testify that based on his training and experience, a robbery such as this one usually has an inside connection. The only thing taken from the mail truck were the registered mail bags from the three earlier stops on the carrier's route. The assailant did not take the regular mail bags nor did the assailant take anything from the person

1

of the carrier. The registered mail bags are used by the post office to transfer its cash receipts to the processing and distribution center in Memphis and contain a surprising amount of cash, particularly early in the month. Very few people know the procedures. In fact, even among postal employees, many do not know that the postal receipts are transported via registered mail bags, and literally no one outside the postal service knows how the money is transported. Accordingly, the fact that the assailant only took the registered mail bags and nothing else indicates that there was an inside connection.

The facts of this case will show that there is a connection between Jamarr Smith, one of the named defendants, and Chevella Hines, who was, at that time, the postmaster at the Robinsonville Post Office, located a few miles away from Lake Cormorant. As postmaster, Hines would know the procedures for transporting the daily receipts via the registered mail bags. Thus, there is evidence of an inside connection. Knowledge that these robberies usually involve an inside connection played a role in the shape of this investigation, or at least in the Postal Inspection Service connecting the various dots, so to speak. It would be appropriate, under F.R.E. 701, for the case agent to testify that there is usually an inside connection in these types of robberies. In the alternative, it would be appropriate for the case agent to testify that in this particular case, based upon a number of factors, he believed there to be an inside connection. Such alternative testimony would not offer an opinion as to these types of robberies in general, but rather would limit his opinion to what he found or deemed important to consider in investigating this particular case.

Similarly, the government expects its case agent to testify that in his training and experience, criminals seek to distance themselves from the objects used in the commission of a crime. For example, in this case, Gilbert McThunel, the assailant, owned the red Hyundai driven

by the lookout, Jamarr Smith. McThunel traded that car in just a few days after the crime. Pursuant to Rule 701, it would be appropriate for the case agent to testify that such action is typical of a criminal who wants to distance himself from the evidence. Alternatively, it would be appropriate for the case agent to testify that as to this particular case, he took note of the fact that McThunel traded his car in a few days after the robbery and that fact was important to him because he believes that in this case, McThunel was trying to divest himself of one of the tools of the crime.

*United States v. Haines*, 803 F.3d 713 (5th Cir. 2015), cited by the defendants, has a helpful explanation of the application of Rule 701. In *Haines*, a DEA agent testified as both an expert and a lay witness. His testimony fell into three broad categories: (1) the "coded" meaning of specific words and terms commonly used in the drug trade; (2) the meaning of specific words and terms used by the particular defendants in this case; and (3) the meaning, in context, of exchanges using common words such as "what," "she," "that," and "stuff." The Fifth Circuit found that the agent's testimony as to category (1) was properly admitted as expert testimony under Rule 702, the testimony as to category (2) was properly admitted as lay opinion testimony under Rule 701, and the testimony as to category (3) was improperly, but harmlessly, permitted. *Haines*, 803 F.3d at 728.

The portion of *Haines* addressing the coded drug slang at issue in category (1) is not relevant to our discussion as the government is not offering that type of evidence in this matter. The portion of *Haines* addressing category (3) is likewise not relevant to our discussion as category (3) dealt with the meaning of exchanges using common words such as "what," "she," "that," and "stuff." In addressing the category (3) issue, the Fifth Circuit stated that "[L]ay opinion testimony is permitted under Rule 701 because it has the effect of describing something that the jurors could

3

not otherwise experience for themselves by drawing upon the witness's sensory and experiential observations that were made as a first-hand witness to a particular event." *Haines*, 803 F.3d at 733, citing *United States v. Freeman*, 730 F.3d 590, 595 (6th Cir.2013). "Testimony on topics that the jury is fully capable of determining for itself is not 'helpful to clearly understanding the witness's testimony,' Fed.R.Evid. 701, and therefore is inadmissible under Rule 701." *Haines*, 803 F.3d at 733.

The evidence offered by the government is more akin to that evidence cited in category (2) of *Haines*, which dealt with specific words and terms used by the particular defendants in that case, but not necessarily the drug trade in general. *Haines*, 803 F.3d at 729. The Fifth Circuit found the agent's testimony as to category (2) to be "within the proper ambit of a lay witness with extensive involvement in the underlying investigation." (citations omitted) "Where an 'agent's "extensive participation in the investigation of [the] conspiracy, including surveillance ... and the monitoring and translating of intercepted telephone conversations, allow[s] him to form opinions concerning the meaning of certain code words used in this [specific] drug ring based on his personal perceptions,"' lay opinion testimony is proper." *Id*. (citations omitted) Similarly, in our case, it would be appropriate for the case agent to offer lay opinion testimony as to the likelihood of an inside connection and the appearance of McThunel attempting to divest himself of the car used in the robbery based on the agent's extensive involvement in the investigation.

4

Accordingly, the defendants' Motion in Limine should be denied.

Respectfully submitted, this the 16th day of February, 2023.

                              CLAY JOYNER
                              United States Attorney

By: *s/ Robert J. Mims*
       ROBERT J. MIMS
       Assistant United States Attorney
       Ethridge Professional Building
       900 Jefferson Avenue
       Oxford MS 38655-3608
       Telephone 662/234-3351
       Criminal Division fax 662/234-0657

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 16, 2023, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Goodloe Lewis, Esq.
glewis@hickmanlaw.com

Paul Chiniche, Esq.
pc@chinichelawfirm.com

Bill Travis, Esq.
bill@southavenlaw.com

      *s/ Robert J. Mims*
ROBERT J. MIMS
Assistant United States Attorney