IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.                                                            CRIMINAL NO. 3:21-CR-107-SA-3

GILBERT McTHUNEL, II                                              DEFENDANT

ORDER

Gilbert McThunel, II, through counsel, has filed a Motion for Bonding Pending Appeal [228]. The Government has responded in opposition. The Court is prepared to rule.

*Relevant Background*[1]

On October 27, 2021, McThunel, along with two co-defendants, was indicted for armed robbery of a postal worker and conspiracy to commit the same offense. As part of its investigation of the offense, the Government utilized a geofence warrant. Through use of the geofence warrant, the Government was eventually able to identify the Defendants as the perpetrators of the crime.

The Defendants sought suppression of the identifying evidence. Following a suppression hearing, this Court issued an Order and Memorandum Opinion [105] denying suppression. In so ruling, the Court declined to make a definitive ruling as to whether geofence warrants are per se unconstitutional but concluded that the evidence was admissible pursuant to the good faith exception.

On February 24, 2023, following a four-day trial, a jury found McThunel and his two co-defendants guilty on both counts. McThunel was sentenced on June 13, 2023, at which time the Court sentenced him to serve a term of imprisonment of 121 months. According to the Bureau of

---

[1] The Court has previously set forth the underlying facts and an explanation of the efforts surrounding the geofence warrant in great detail. *See* [105]. The Court sees no need to recite that information in full herein. The Court also notes that much of the factual recitation and analysis set forth in this Order mirrors its recent September 20, 2024 Order [230] pertaining to a co-defendant. The arguments that McThunel raises are largely identical to those raised by the co-defendant.

Prisons' website, McThunel is currently housed at Forrest City Low FCI with an anticipated release date of May 30, 2031. *See* https://www.bop.gov/inmateloc/.

McThunel and his co-defendants appealed. *See* [192]. The crux of the appeal concerns the Court's suppression ruling. On August 9, 2024, the Fifth Circuit panel issued a published opinion, wherein it concluded that geofence warrants are *per se* unconstitutional but nevertheless affirmed this Court's denial of suppression based on the good faith exception. *See United States v. Smith*, Fifth Circuit Case No. 23-60321 at [113]; 110 F.4th 817 (5th Cir. 2024). The Fifth Circuit withheld issuance of the mandate. On August 19, 2024, the Fifth Circuit granted the Government's request to extend its deadline to file a petition for hearing/petition for rehearing en banc to October 22, 2024.

Thereafter, on September 5, 2024, McThunel filed a Motion for Bond Pending Appeal [228] in this Court. He contends that he has met the requirements of 18 U.S.C. § 3143 and should be granted bond during the pendency of the appeal.

*Analysis and Discussion*

At the outset, the Court notes that the case is, as outlined above, currently on appeal. Generally, this Court does not resolve motions in cases pending on appeal because "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *United States v. Lucero*, 755 F. App'x 384, 386 (5th Cir. 2018) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58, 103 S. Ct. 400, 74 L. Ed. 2d 225 (1982) (per curiam)).

The Fifth Circuit has previously considered a district court's authority to consider a motion for bond in nearly the same scenario. *See United States v. Snyder*, 946 F.2d 1125 (5th Cir. 1991).

In *Snyder*, the Fifth Circuit reversed a district court's decision that it lacked jurisdiction to consider a motion for bond pending appeal while a petition for certiorari was pending. *Id*. There, the Fifth Circuit, interpreting 18 U.S.C. § 3141 and § 3143, concluded that "the district court, the court of appeals, and the Supreme Court of the United States and judges and Justices thereof, have concurrent jurisdiction to rule on bail applications while a petition for a writ of certiorari is pending." *Id*. at 1127; *see also United States v. Conroy*, 2009 WL 10706742, at *1 (S.D. Miss. Oct. 13, 2009) ("A motion for release pending the disposition of a petition for writ of certiorari may be considered by the district court.").

This Court is cognizant that the procedural posture of this case is slightly different than *Snyder*, as there is no pending petition for writ of certiorari. However, having reviewed *Snyder* and the applicable statutory language, the Court finds that distinction to be one without a material difference, as the statute itself—18 U.S.C. § 3143(b)—contemplates both when a case is on appeal and when a petition for writ of certiorari has been filed. *See* 18 U.S.C. § 3143(b)(1) (setting forth when bond is appropriate for a defendant "who has filed an appeal or a petition for a writ of certiorari").

Considering this authority, the Court finds it appropriate to consider the request on its merits.

"Any right to bail pending appeal derives from 18 U.S.C. § 3143, which establishes a presumption against it being granted." *United States v. Niamatali*, 2018 WL 707030, at *1 (E.D. Tex. Feb. 2, 2018) (quoting *United States v. Olis*, 450 F.3d 583, 585 (5th Cir. 2006)) (quotation marks and additional citations omitted). Citing the Bail Reform Act, the District Court for the Eastern District of Texas framed the relevant inquiry as follows:

> Pursuant to the Bail Reform Act, in order to be a candidate for bail, a convicted defendant has the burden to: (A) establish by clear and

3

>convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community if released; (B) show that the appeal is not for the purpose of delay and raises a substantial question of law or fact that is likely to result in (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

*Id.* (citing 18 U.S.C. § 3143(b); *United States v. Clark*, 917 F.2d 177, 179 (5th Cir. 1990); *United States v. Valera-Elizondo*, 761 F.2d 1020, 1025 (5th Cir. 1985)).

An application of this standard clearly weighs against bond pending appeal. McThunel was convicted of a serious and violent crime (armed robbery)—this Court is not convinced that he does not pose a danger to the community if released. He emphasizes that he was released on bond pretrial without incident; however, the Court notes that McThunel's circumstances have changed, as he has now been convicted and faces a lengthy prison sentence.[2]

Furthermore, McThunel cannot show that his appeal raises a substantial question of law that is likely to result in reversal, a new trial, a non-custodial sentence, or a reduced sentence. In fact, the Fifth Circuit panel explicitly affirmed this Court's rationale in applying the good faith exception and denying suppression. This Court has reviewed that opinion in detail and simply does not find McThunel's current argument persuasive. As the Government argues, it appears rather unlikely that the application of the good faith exception will be reversed. McThunel cannot overcome the presumption against the relief he now requests.

---

[2] The circumstances McThunel currently faces are actually more closely aligned with his circumstances at the time he requested bond pending sentencing—a request that this Court denied. *See* [147].

*Conclusion*

McThunel is not entitled to bond pending appeal. His Motion [228] is hereby DENIED.

SO ORDERED, this the 17th day of October, 2024.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE