IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 3:21-CR-107-SA-1

JAMARR SMITH  DEFENDANT

ORDER

Jamarr Smith, through counsel, has filed two Motions [210, 219] seeking a reduction in sentence and/or compassionate release. The Government opposes Smith's request. Having reviewed the filings, the Court is prepared to rule.

*Relevant Factual and Procedural Background*

On February 24, 2023, following a four-day trial, a jury found Smith and his two co-defendants guilty of armed robbery of a postal worker and conspiracy to commit the same offense. Smith was sentenced on June 13, 2023, at which time the Court sentenced him to serve a term of imprisonment of 121 months. According to the Bureau of Prisons' website, Smith is currently housed at Yazoo City Medium FCI with an anticipated release date of September 25, 2031. *See* https://www.bop.gov/inmateloc/.

Through the present Motions [210, 219], Smith seeks immediate release based on family circumstances. The Government opposes Smith's request.

*Analysis and Discussion*

At the outset, the Court notes that Smith has filed a direct appeal. *See* [192]. That appeal remains pending at the Fifth Circuit. *See* Case No. 23-60321. The Court is aware that "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *United States v. Lucero*, 755 F. App'x 384, 386 (5th Cir. 2018) (quoting *Griggs v.*

*Provident Consumer Disc. Co.*, 459 U.S. 56, 58, 103 S. Ct. 400, 74 L. Ed. 2d 225 (1982) (per curiam)).

Federal Rule of Criminal Procedure 37(a) provides:

> **(a) Relief Pending Appeal.** If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>
> (1) defer considering the motion;
> (2) deny the motion; or
> (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

FED. R. CRIM. P. 37(a).

Facing the same procedural scenario with which this Court is now confronted (a defendant seeking compassionate release while the case is on direct appeal), the District Court for the Western District of Louisiana denied a defendant's request for compassionate release for lack of jurisdiction. *See United States v. Gier*, 2023 WL 8264562, at *1 (W.D. La. Nov. 28, 2023) (citing Rule 37(a) and concluding that "this Court does not have jurisdiction to grant [the defendant's] request."). In reaching that conclusion, the district court relied on a decision from the Sixth Circuit Court of Appeals, which explained as follows: "If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may . . . deny the motion. A district court therefore has jurisdiction under Rule 37(a) to deny a defendant's motion for compassionate [release] that was filed while his direct appeal is pending." *United States v. Gowder*, 2021 WL 1328601, at *2 (6th Cir. 2021); *see also United States v. Barrett*, 834 F. App'x 264, 265 (7th Cir. 2021) ("[E]ven though Barrett's direct criminal appeal was pending before us, the district court had jurisdiction to deny his compassionate-release motion.").

These authorities indicate that a district court maintains authority to deny—but not grant—a motion for compassionate release while the case is on direct appeal.[1] The Motions [210, 219] could be denied on that basis alone; however, the Court also notes, for the sake of providing clarity to the parties, that it would nevertheless deny the requests on the merits for the reasons set forth hereinafter.

"The district court's jurisdiction to correct or modify a defendant's sentence is limited to those specific circumstances enumerated by Congress in 18 U.S.C. § 3582." *United States v. Garcia*, 606 F.3d 209, 212 n. 5 (5th Cir. 2010) (citing *United States v. Bridges*, 116 F.3d 1110, 1112 (5th Cir. 1997)). In pertinent part, 18 U.S.C. § 3582(c) provides:

> **(c) Modification of an imposed term of imprisonment. --** The court may not modify a term of imprisonment once it has been imposed except that --
>
> (1) in any case --
>
> (A) the court. . . upon motion of the defendant after the defendant has fully exhausted all administrative rights . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been

---

[1] The Rule itself makes clear that a district court also has authority to defer ruling. *See* Fed. R. Crim. P. 37(a)(1). In this case, a panel of the Fifth Circuit has issued an opinion affirming this Court's ruling but a petition for *en banc* review is now pending. This Court therefore finds it appropriate to resolve the pending Motions [210, 219] as opposed to deferring ruling.

> made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c).

In the context of a requested sentence reduction under 18 U.S.C. § 3582(c), the Fifth Circuit has explained:

> [A] prisoner seeking compassionate release must overcome three hurdles. First, "extraordinary and compelling reasons" must justify the reduction of his sentence. 18 U.S.C. § 3582(c)(1)(A)(i). Second, the reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id*. § 3582(c)(1)(A). Finally, the prisoner must persuade the district court that his early release would be consistent with the sentencing factors in 18 U.SC. § 3553(a). *Id*.

*United States v. Jackson*, 27 F.4th 1088, 1089 (5th Cir. 2022).

As to the first step, the statute does not define "extraordinary and compelling reasons;" rather, "Congress left that task to the Sentencing Commission[.]" *Id*. On November 1, 2023, the amendments to Sentencing Guideline § 1B1.13 went into effect. *See* U.S.S.G. § 1B1.13. Pertinent here, the amended language now includes "family circumstances of the Defendant" as an extraordinary and compelling reason to support compassionate release:

> **(b) Extraordinary and Compelling Reasons.** -- Extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof:
>
> . . .
>
> **(3) Family Circumstances of the Defendant.** --
>
> (A) The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is

4

> 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.
>
> . . .
>
> (C) The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.

*Id.* at § 1B1.13(b)(3)(A), (C).

In his two filings, Smith raises family circumstances that he contends justify his release. In his first Motion [210], he contends that he "has extraordinarily significant family responsibilities in that he ha[s] custody of two very small children, Jamarri (age 6) and Majesty (age 3). The care of these children has in part fallen on Smith's mother (which has led to great hardship for her) and the children's mother." [210] at p. 2. His filing also reiterates (as was noted at sentencing) that, prior to incarceration, he was caring for his father, Cedric Albritton, who has severe health problems. He attached to his Motion [210] documentation concerning an extended hospitalization of Albritton's. Smith contends that he is the only family member able to care for Albritton. In his second Motion [219], Smith explains that his children's mother, Iantea Lee, has largely had custody over the children (shared with Smith's mother, Jackie Smith) since the commencement of his incarceration. The Motion [219], which was filed on April 10, 2024, advises that "[o]n April 10, 2024, Iantea Lee is having carpal tunnel surgery which will make her unable to care for these children for approximately six weeks." [219] at p. 2. He argues that he "qualifies for the exceptional circumstances which would permit him to, at least temporarily, be released from prison in order to care for his small children." *Id.* at p. 2.

The Court notes that the Motions [210, 219] are supported by documentation, and some of these issues were made known at the sentencing hearing before this Court imposed Smith's

5

sentence. However, the Court's concern, for purposes of the present Motions [210, 219] relates to the third hurdle articulated by the Fifth Circuit in *Jackson*—whether the release would be warranted under the Section 3553(a) factors.

The Section 3553(a) factors weigh heavily against the requested relief. As the Government emphasizes in its filings, Smith was convicted of a serious crime—armed robbery. The proof at trial was that Smith and two co-defendants conspired to assault and threaten an individual at gunpoint. The need for the imposed sentence is high—in particular, the Court finds that the sentence is needed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and to protect the public from further crimes of the defendant. *See* 18 U.S.C. § 3553(a)(2)(A)-(C). This crime involved violence toward a postal worker who was simply performing his job duties. This is precisely the type of crime that warrants a lengthy prison sentence. In fact, the Court notes that the imposed sentence of 121 months was in the middle of the applicable guideline range. The imposed sentence is necessary to achieve the purposes underlying the Section 3553(a) factors. The Court squarely rejects Smith's contention that compassionate release is warranted.

The burden falls on the defendant to show that compassionate release is warranted. *Ward v. United States*, 11 F.4th 354, 361 (5th Cir. 2021) (citing *United States v. Shkambi*, 993 F.3d 388, 392 (5th Cir. 2021)). Smith has not done so here. Although he emphasizes that he had no issues while on bond and that he only had one criminal history point in the Presentence Report, the Court, for the reasons articulated above—in particular, the severity of the offense—is unpersuaded.[2] As noted above, Smith was convicted of a violent crime. The sentence imposed was appropriate and need not be modified.

---

[2] The Court also notes that the one criminal history point that Smith did have was for simple assault. *See* [176] at p. 7.

*Conclusion*

The Court declines to modify Smith's term of imprisonment. The Motions [210, 219] are hereby DENIED.

SO ORDERED, this the 6th day of November, 2024.

/s/ Sharion Aycock<br>UNITED STATES DISTRICT JUDGE